IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GARY KIRK,<br><br>Plaintiff,<br><br>WAL-MART ASSOCIATES, INC.<br>Defendant. | CIVIL ACTION NO. :<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Gary Kirk, ("Plaintiff"), by and through counsel, signed below and files this Complaint, against his former employer Wal-Mart Associates, Inc. (Defendant"), by instruction of this Court, on its ORDER dated January 29, 2024, in which the statute of limitations was tolled, alleging as follows:

## NATURE OF THIS ACTION

1.

This action is brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, in which Plaintiff seeks compensatory, liquidated damages and attorney's fees, against Defendant for its

failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendant.

2.

Plaintiff worked for Defendant in a "manager" position, during the relevant time period ("relevant period" or "relevant time period" is defined as the period on or about January 1, 2020 to August 26, 2022) but because he was misclassified as exempt, he was denied his clearly established rights under applicable federal statutes.

3.

Defendant paid no overtime premium wages whatsoever to Plaintiff despite Plaintiff working a significant amount of hours over 40 hours during many workweeks.

4.

As a result of the practices of Defendant described herein, Defendant failed to adequately and lawfully compensate Plaintiff as required by the FLSA.

## JURISDICTION. VENUE AND PARTIES

5.

Jurisdiction, over this action, is conferred, in this Court, by § 216(b) of

FLSA, 20 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

6.

Plaintiff resides in Douglas County, Georgia, a United States citizen and he submits himself to the jurisdiction of this Court.

7.

Plaintiff brings his original complaint within two years of his termination.

8.

Plaintiff was an "employee" within the meaning of § 201, *et seq*.

9.

The unlawful employment practices were committed within the state of Georgia. Defendant maintains its registered agent in Forsyth County, Georgia which is located in this district and division. Therefore, venue is proper in this district and division pursuant to 28 U.S.C. § §1391(b) & (d).

10.

Plaintiff worked for Defendant for approximately 1.5 years as an Environmental Health and Safety Operations Manager. He was hired on or about

January 1, 2021 and terminated by receiving a letter through the mail on or about August 26, 2022. His rate of pay was $42.30/hour plus bonuses and benefits.

11.

The title assigned Plaintiff by Defendant was Environmental Health and Safety Operations Manager during the relevant period for this action.

12.

Plaintiff worked in excess of 40 hours most workweeks but was not paid overtime pay. Some examples of this are below.

13.

As an example, Plaintiff worked 70 hours without overtime compensation during the work week of January 9, 2022 to January 15, 2022, and March 6, 2022 to March 12, 2022 Plaintiff worked 70 hours in a single workweek, without receiving overtime compensation.

14.

As a result of Defendant's intentional misclassification, Plaintiff was never paid overtime premiums and because Defendant misclassified Plaintiff knowingly and intentionally, as discussed below during the relevant period of this action.

15.

Plaintiff is owed full overtime premium wages for all hours worked in excess of forty (40) in each workweek.

16.

Defendant is a foreign, for-profit corporation who is registered with the Georgia Secretary of State to do business in the state of Georgia, operating in many counties of Georgia and in all of Georgia's Federal Districts and Divisions.

17.

Defendant may be served with the summons and complaint to its registered agent on record with the Secretary of State, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794. Therefore, this Court has personal jurisdiction over Defendant.

18.

Defendant has substantial ties to the state of Georgia and the Northern District of Georgia given that it operates a business located in Georgia and maintains and maintained offices at all relevant times hereto, conducting regular, not isolated acts of business in Georgia and in the Northern District of Georgia.

19.

Defendant was and is, at all times relevant to this action, an "employer" within the meaning of the FLSA, 29 U.S.C. § 204(d), an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 204(r), and "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

20.

At all relevant times, Defendant has been and remains an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) in that it acted ". . .directly or indirectly in the interest of an employer in relation to an employee... " towards the above Plaintiff.

21.

As an employer who engages in commerce, Defendant is subject to the requirements of the FLSA, 29 § U.S.C. 201 *et seq*.

22.

At all relevant times, Defendant has owned and operated retail stores and distribution centers in multiple states, including Georgia and in multiple counties located in Georgia, with two or more employees handling, selling or otherwise working on goods and material that have been moved in or "produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During the relevant time period, the annual gross revenues of Defendant exceeded $500,000.00 per annum.

24.

Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203 *et seq.*

25.

Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203 (r)(1), because it performed related activities through common control for a common purpose.

26.

At relevant times, the enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207.

27.

At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under § 201, *et seq.*

28.

As a longtime national (and international) employer, Defendant was at all relevant times aware of the existence and requirements to pay employees agreed upon wages and to pay the employees who work longer than forty (40) hours in a single workweek, one and one half times the employee's regular rate of pay for all hours worked within the workweek in excess of forty (40) hours.

29.

All actions by Defendant were willful and not the result of mistake or inadvertence. Because Plaintiff used an electronic device to enter the building at the beginning of each of his shifts, Defendant should be aware of the days in which Plaintiff came into work and cameras in use at the facility show the length of his shifts.

30.

Defendant knew or should have known that the FLSA applied to the operation of business at all relevant times. Defendant knew of or should have been aware of previous litigation relating to wage and hour violations where the misclassification of its "managers" on the level of Plaintiff, under the FLSA was

challenged and because Defendant has employed thousands of employees for many years.

31.

Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and withhold overtime wages to Plaintiff in an effort to enhance Defendant's profits.

32.

Defendant knew that managers such as Plaintiff were employees that should be paid under the law and had simply chosen not to pay Plaintiff in accordance with the law.

## FACTS

33.

Plaintiff is a former, employee of Defendant within the meaning of 29 U.S.C. § 203(e)(1) as he was hired on or about January 1, 2021 and was terminated via a letter that arrived through the mail on or about August 26, 2022 while out on FMLA leave.

34.

During his tenure with Defendant, Plaintiff worked a significant amount of hours in excess of forty (40) in many work weeks and Defendant failed to pay Plaintiff premium overtime pay. Specific examples of this are given within this Complaint.

35.

Plaintiff did work in excess of forty (40) hours in a single workweek on many occasions. Plaintiff was considered an essential worker during Covid and was required to pick up extra time to cover for the needs of Defendant. As an example of this, during the work week of January 16, 2022 to January 22, 2022, Plaintiff worked 75 hours for which Plaintiff was not paid overtime wages. And during the week of February 13, 2022 to February 19, 2022, Plaintiff worked 70 hours in a single workweek for which Plaintiff was not paid overtime wages.

36.

Throughout his tenure, as an employee with Defendant, Plaintiff held the title of "manager" the primary duties of which did not fall under any exemption of the FLSA, as discussed below.

37.

Plaintiff's performance was good and he received bonuses during his tenure.

38.

Plaintiff was never told that he suffered from performance issues or that his job was in any way in jeopardy.

39.

Plaintiff was terminated, out of the blue, on or about August 26, 2022 via a letter that arrived in the mail.

40.

Defendant utilizes a centralized structure of management and employees, including managers, work within the prescribed structure.

41.

Because of Defendant's centralized structure of management, throughout his employment with Defendant, Plaintiff never directed the work of any of Defendant's full-time employees.

42.

Because of Defendant's centralized structure of management, Plaintiff never possessed the authority to hire and fire any of Defendant's other employees.

43.

Because of Defendant's centralized structure of management, Plaintiff never exercised discretion or independent judgment with respect to matters of significance to Defendant.

44.

Plaintiff did not meet the definition of learned professional. He did not perform computer work and he did not perform outside sales for Defendant as defined by FLSA.

45.

Plaintiff did often perform manual tasks including cleaning, he covered the vacations of any employees and any employees that called out for any reason as well as other manual tasks required to get the job done.

46.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by FLSA, 20 U.S.C. § 201, *et seq.* but he was not compensated for the overtime hours that he worked.

47.

According to information and belief, Defendant paid Plaintiff by direct deposit.

48.

While employed, Plaintiff's work schedule and duties were controlled by Defendant.

49.

Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for the hours worked in excess of forty (40) in any workweek. Even though Plaintiff frequently worked over time hours during multiple weeks.

50.

Defendant's unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate FLSA.

51.

As a result of Defendant's unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

52.

Defendant's willful violation of the FLSA shows reckless disregard for

Plaintiff's right to receive appropriate overtime compensation for his work with Defendant.

53.

Defendant owes Plaintiff pay for work performed but not compensated in an amount to be determined at trial, plus liquidated damages in an equal amount, pursuant to 29 U.S.C. §216(b).

54.

Pursuant to Section § 216(b) of FLSA, Defendant owes Plaintiff for costs and reasonable attorney's fees.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

55.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if set forth fully in this count.

56.

Upon hire, Plaintiff and Defendant arrived at a rate of pay and intervals upon which payment was to be made by Defendant to Plaintiff.

57.

Plaintiff was an employee covered by the provisions prescribed by the FLSA but Defendant intentionally misclassified Plaintiff as exempt from the provisions set out by the FLSA.

58.

Pursuant to 29 U.S.C. § 213, Defendant was not exempted from paying any of Plaintiff's overtime wages which were due because Plaintiff was not legitimately classified as exempt.

59.

Defendant was at all relevant times, subject to the provisions of the FLSA and required, in accordance with FLSA, to pay one and one half times Plaintiff's regular rate of pay for hours worked that were over forty (40) hours in each workweek.

60.

Defendant intentionally failed to pay Plaintiff one and one half times his regular rate of pay for each hour worked over forty (40) hours in a workweek.

61.

Given that Defendant has been in business for many years, employing thousands of employees nationally, Defendant's conduct and practices, as described above were willful, intentional, unreasonable, arbitrary, and in bad faith.

62.

During each week that Plaintiff worked more than forty (40) hours per workweek, he is owed the overtime premium that he has never been paid.

63.

Defendant's unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

64.

As a result of Defendant's unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages, incurred damages, and significant financial loss.

65.

Defendant's willful violation of the FLSA shows reckless disregard of the rights of Plaintiff to receive appropriate overtime compensation for he work with Defendant.

66.

By reason of its unlawful acts alleged herein, Defendant owes and is liable to Plaintiff pay for monetary damages in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

67.

Pursuant to Section 216(b) of the FLSA, Defendant owes Plaintiff for costs and reasonable attorney's fees as provided by the FLSA for all violations which occurred at least three (3) years preceding the filing of Plaintiff's initial complaint.

68.

Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that Defendant be summoned to appear and answer herein, for orders as follows:

a.   Take jurisdiction of this matter;

b.   Grant trial by jury as to all matters properly triable to a jury;

c. Issue an Order holding Defendant to be an "employer" as that term is defined by the FLSA;

d. Issue judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendant has failed to comply with its obligations under the FLSA;

e. Issue an Order finding that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the Fair Labor Standards Act of 1938, as amended;

f. Award judgment in favor of Plaintiff, against Defendant for unpaid overtime compensation together with liquidated damages in a equal amount;

g. Award Plaintiff prejudgment interest from Defendant on all amounts owed to the extent that liquidated damages are not awarded;

h. Award nominal damages if found to be appropriate;

i. Award judgment in favor of Plaintiff and against Defendant on all counts of this Complaint;

j. Award judgment in favor of Plaintiff, against Defendant for reasonable attorney's fees;

k. Award judgment in favor of Plaintiff against Defendant for all taxable and nontaxable costs;

l.  Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims, for Plaintiff in which a jury is available; and

m.  Award such other, further and different relief as this Court deems appropriate and proper for Plaintiff and against Defendant.

Respectfully submitted, this 15th day of March 2024.

                    s/Beverly A. Lucas
                    Beverly A. Lucas
                    Georgia Bar No.: 427692

LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
beverly@lucasandleon.com
706-754-2001 (O)
706-754-8085 (F)
*Attorney for Plaintiff*